# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RONNIE MAXWELL, on behalf of himself and others similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>REMINGTON ARMS COMPANY, INC.,<br><br>             Defendant. | Civil Action No. 1:10-cv-00918-UA-LPA |

## DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Ronnie Maxwell owns two semi-automatic rifles, which Remington advised him not to use, after the third-party manufacturer of the ammunition for which the guns are chambered disavowed use of that caliber in semi-automatic firearms. *See* Defendant's Opening Brief ("Def. Br.") Ex. A. Thus, this case is not about a problem with Plaintiff's rifles, but the fact that they use ammunition declared unsuitable by the sole manufacturer.

Nevertheless, Remington's recall, which included coupons for $200-$250 toward the purchase of any other Remington firearm, is the basis of Plaintiff's allegations that the Company violated the MMWA and the North Carolina UDTPA. Nothing said in Plaintiff's response to Remington's motion to dismiss refutes Defendant's contention that his Amended Complaint should be dismissed.

1

23377636v6

Case 1:10-cv-00918-UA -LPA   Document 18   Filed 03/03/11   Page 1 of 12

# ARGUMENT

Plaintiff argues that his two primary legal theories—express warranty and the North Carolina UDTPA—survive this motion because (a) such a warranty claim does not require manifestation of a defect in the product, and (b) neither claim requires reliance. *See* Pl. Br. at 8-11, 16-17. He is wrong. He has also failed to meet or even address the UDTPA requirement that "aggravating circumstances" elevate an alleged breach of warranty to the level of an "unfair or deceptive" practice.

## A.  Plaintiff has not properly alleged the existence of warranty or a breach

To recover for express warranty under either Texas or North Carolina law, "a plaintiff must prove the existence of a warranty and that the breach thereof caused the plaintiff's injuries." *Munoz v. Gulf Oil Co.*, 732 S.W.2d 62, 65 (Tex. App. 1987); *Harbour Point Homeowners' Ass'n Inc. ex rel. Bd. of Dirs. v. DJF Enters., Inc.*, 697 S.E.2d 439, 447 (N.C. App. 2010). Plaintiff does not do so.

Plaintiff's allegations of the existence of an express warranty seem to be derived entirely from Remington product catalogs that Mr. Maxwell does not claim to have read or even seen.[1] Even if he had relied on the representations, however, they are no more than mere "puffing" and are insufficient under North Carolina law to establish the existence of a warranty. *See Ruffin v. Shaw Indus., Inc.*, 149 F.3d 294, 302 (4th Cir. 1998) (statements of "higher quality" and "very good grade of material" were opinion

---

[1] Although Plaintiff does not identify the source of the statements he cited in the Amended Complaint, all appear to be excerpted from three lengthy Remington catalogs, dated 2003 to 2005. *See* Exs. B-D.

2

23377636v6

and did not create express warranty); Tex. Bus. & Com. Code § 2.313(b) ("a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty"). *See* Compl. ¶ 5.

Even if an express warranty exists, the alleged defect must "manifest" to establish injury. *See, e.g., Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 629-30 (M.D.N.C. 2006); *Martin v. Ford*, 914 F. Supp. 1449, 1455-56 (S.D. Tex. 1996); *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 503-04 (8th Cir. 2009); *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999); *Jarman v. United Indus. Corp.*, 98 F. Supp. 2d 757, 768 (S.D. Miss. 2000) (also describing the case as a "products liability case[]"); *Khan v. Shiley Inc.*, 217 Cal. App. 3d 848, 855 (1990); *see also* Def. Br. at 6-11. In fact, the cases cited by Plaintiff for the proposition that no manifestation is required themselves involve defects which have manifested. *Johnson v. Philip Morris*, 159 F. Supp. 2d 950, 951 (S.D. Tex. 2001) (cigarettes that failed to comply with representations of quality and safety caused plaintiffs "severe injuries or death"); *Harbour Point*, 697 S.E.2d at 442 (use of product damaged buildings and common areas). These cases simply do not support Plaintiff's argument that no manifestation is required.

*Martin v. Ford* exemplifies the manifestation-of-defect rule. There, express warranty claims were based on lap belts that, while allegedly inadequate based on defendant's representations regarding vehicle safety, did not involve injuries from the belts' malfunction. 914 F. Supp. 1449. Instead, plaintiffs sought "redress for the 'inherently dangerous' nature of the vehicles purchased and for the making of affirmative misrepresentations ... by Ford which relate to the safety of the purchased vehicles." *Id.*

3

at 1452. However, the claims were denied because the court could find no injury to support any of their claims, including express warranty, where the supposed defect had not resulted in a malfunction. *Id.* at 1455-56.

The manifestation requirement is not limited to Texas, as this Court has noted: "[U]nder North Carolina law and the law of the overwhelming majority of jurisdictions, prospective class members whose ball joints have not manifested any defects and who merely allege that they have suffered diminished value or loss of resale value of their Durangos, will not sufficiently allege actual injury." *Bussian*, 411 F. Supp. 2d at 630 (alleging express warranty claim). Mr. Maxwell does not identify the purported defect, much less allege that it manifested itself.

Plaintiff attempts to create a distinction between "product liability cases" and express warranty claims. *See* Pl. Br. at 6-7, 9. However, as one court put it:

> "Products liability is the name currently given to the area of the law involving the liability of those who supply goods or products for the use of others to purchasers, users, and bystanders for losses of various kinds resulting *from so-called defects in those products.*" (Prosser & Keeton, Torts (5th ed. 1984) § 95, p. 677, italics added.) Possible theories of recovery include strict liability in tort, negligence ... and breach of warranty (express and implied). No matter which theory is utilized, however, where a plaintiff alleges a product is defective, proof that the product has malfunctioned is essential to establish liability for an injury caused by the defect.

*Khan*, 217 Cal. App. 3d at 855. Maxwell alleges that, by instituting a recall, Remington "made known its breach" of a warranty on these "consumer products." *See* Compl. ¶ 20.

4

In other words, he claims that, due to an unidentified defect in his product, Remington breached an express warranty.

While Plaintiff states that he does not rely solely upon the recall to demonstrate breach of warranty and injury, Pl. Br. at 11, that continues to be his approach: Remington instituted a recall, ergo the products failed to conform to warranties. *Id.* at 9-11. This remains insufficient. The mere institution of a recall does not support the element of "breach"—or, "that the goods failed to comply," Plaintiff's functionally equivalent articulation of the element—in a breach of express warranty action. Def. Br. at 7-9 (citing *O'Neil*, 574 F.3d 501; *Khan*, 217 Cal. App. 3d at 857).[2]

Manifestation is required in express warranty actions premised upon a product's defective nature; a recall alone simply is not an adequate substitute.

### B. Plaintiff's failure to allege that he relied on statements by Remington is fatal to both the express warranty and North Carolina UDTPA claims

Although the Amended Complaint quotes from Remington catalogs dated 2003, 2004, and 2005 regarding the Model 597 17 HMR rifle and 17 HMR ammunition, nowhere does Mr. Maxwell actually allege that he relied on those statements or was even aware of them prior to his purchase. In fact, the April 2004 and March 2007 manufacture

---

[2] Defendant cited *Ryan v. Brookdale Int'l Sys., Inc.*, 230 Fed. Appx. 366 (5th Cir. Apr. 12, 2007) for its persuasive reasoning in a case alleging, *inter alia*, breach of express warranty, in which the court found that the plaintiff had not suffered an injury-in-fact to support claims premised on a manufacturer's recall. Contrary to Plaintiff's argument, citing unpublished opinions issued after January 1, 2007 *is* permissible. *See* Fed. Rules App. Proc. 32.1(a) ("A court may not prohibit ... the citation of federal judicial opinions ... issued on or after January 1, 2007."); Fourth Circuit Local Rules, Rule 32.1; Fifth Circuit Local Rules, Rule 28.7; M.D.N.C. Local Rule 7.2(c).

dates of his rifles render it unlikely in one case and impossible in another that any reliance *could* be shown on all the material. This shortfall is fatal to both his express warranty and North Carolina UDTPA claims. (Mr. Maxwell never alleges that he purchased Remington-brand 17 HMR ammunition, so he has no claim as to that product.)

### 1. Express Warranty

Although Plaintiff argues that reliance is not required for an express warranty claim, as with manifestation, the cases he cites are to the contrary: all recognize that there must be some measure of reliance for an action to move forward. *See, e.g., Harbour Point*, 697 S.E.2d at 447 (listing reliance as an element of express warranty); *Johnson*, 159 F. Supp. 2d at 952 (same); *Gen. Supply & Equip., Inc. v. Phillips*, 490 S.W.2d 913, 917 (Tex. App. 1972) ("the injured party, in making the purchase, [must have] relied on the representations, affirmations of fact or promises"); *see also Compaq Comp. Corp. v. Lapray*, 135 S.W.3d 657, 675 (Tex. 2004) ("reliance is not only relevant to, but an element of proof of, plaintiffs' claims of breach of express warranty (to a certain extent)" (internal citation omitted)); *McManus v. Fleetwood Enters. Inc.*, 320 F.3d 545, 550 (5th Cir. 2003) (as reliance is required "to a certain extent," claims by purchasers who "cannot be said to have relied ... to any extent" must be disallowed).[3]

---

[3] *PPG Industries*, the concurrence of which Plaintiff cites, is no different, holding that "reliance is ... an element of proof of plaintiffs' claims of breach of express warranty (to a certain extent)." *PPG Indus., Inc. v. JMB/Houston Ctr. Partners Ltd P'ship*, 146 S.W. 3d 79, 99 (Tex. 2004) (citing *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 (Tex. 2003)). The concurrence doesn't help Plaintiff. Even if its author believed that the role of reliance in warranty cases was "undecided in Texas," the concurrence went on to find that plaintiff *did rely* on information that the defendant provided. *Id.* at 111 (O'Neill, J., *concurring in part*).

6

23377636v6

Case 1:10-cv-00918-UA -LPA   Document 18   Filed 03/03/11   Page 6 of 12

Thus, to have stated a viable claim for breach of warranty, a plaintiff must have relied at least *to some extent* on representations made by the warrantor. Plaintiff, however has not alleged that he read the statements cited in his Amended Complaint or that he ever saw or received the catalogs. His pleading is on this essential element is entirely silent.[4]

### 2. North Carolina UDTPA

Plaintiff also argues incorrectly that reliance is not required for a claim under the North Carolina UDTPA.[5] Pl. Br. at 16-17. The law is clear: "Where an unfair or deceptive practice claim is based upon an alleged misrepresentation by the defendant, the plaintiff *must show 'actual reliance' on the alleged misrepresentation* in order to establish that the alleged misrepresentation 'proximately caused' the injury of which plaintiff complains." *Tucker v. Blvd. at Piper Glen LLC*, 150 N.C. App. 150, 154, 564 S.E.2d 248, 251 (2002) (emphasis added); *see, e.g., Kelly v. Georgia-Pacific LLC*, 671 F. Supp. 2d 785, 799 (E.D.N.C. 2009) (dismissing UDTPA claim where plaintiff did "not allege actual reliance or that the misrepresentation proximately caused the damage");

---

[4] Should this case proceed to the class certification stage, this element will also prove problematic for Plaintiff (among other issues); reliance by its nature presents individual issues inappropriate for class determination.

[5] The majority position limits application of the North Carolina UDTPA to cases alleging an in-state injury to plaintiffs due to the concern of state infringement on Congress's power to regulate interstate commerce under the Commerce Clause. *See, e.g., Merck & Co. v. Lyon*, 941 F. Supp. 1443, 1463 (M.D.N.C. 1996); *The 'In' Porters, S.A. v. Hanes Printables, Inc.*, 663 F. Supp. 494, 501-03 (M.D.N.C. 1987); *In re Parmalat*, 383 F. Supp. 2d 587, 603-04 (S.D.N.Y. 2005) (collecting cases). As such, the North Carolina UDTPA is not available to Mr. Maxwell, a Texas resident. Def. Br. at 13.

*Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 664, 464 S.E.2d 47, 58 (1995) (dismissing UDTPA claim because for lack of reliance); *see also Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 903 (4th Cir. 1996) ("no cases have permitted recovery without reliance"); *Pearce v. Am. Defender Life Ins. Co.*, 316 N.C. 461, 343 S.E.2d 174 (1986) (proximate causation element is "similar to [] detrimental reliance...").

Plaintiff has not alleged acts constituting reliance on the alleged misrepresentations, nor has he attempted to show proximate cause apart from one conclusory statement: the misrepresentations "proximately caused actual injury/damage to the Plaintiff and the Class Members." Compl. ¶ 40. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements ... are not entitled to the assumption of truth" in the context of a motion under Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *see* Def. Br. at 4-5. Plaintiff has failed to plausibly plead the elements of his claim, so this claim should be dismissed.

### C. Plaintiff fails to allege the "aggravating circumstances" or injury required by the North Carolina UDTPA

Plaintiff's claim under the North Carolina UDTPA also fails because he insufficiently alleges the requisite "substantial aggravating circumstances" and injury required by the statute.

*First*, Mr. Maxwell neither pleads in his complaint nor argues in his response the "substantial aggravating circumstances" necessary to elevate a warranty claim to the

8

23377636v6

Case 1:10-cv-00918-UA -LPA   Document 18   Filed 03/03/11   Page 8 of 12

"unfair or deceptive practices" under the North Carolina UDTPA. *See* Def. Br. at 14-15. Rather, he alleges only that the rifles do not meet statements in catalogs, which he may or may not have seen. Circumstances constituting a breach of warranty do not, alone, provide a basis for a claim under the statute. *See* Def. Br. at 14-15; *Kelly*, 671 F. Supp. 2d at 799 (breach of warranty alone, even if intentional, is insufficient to state a UDTPA claim absent "substantial aggravating circumstances"). On this point alone, Mr. Maxwell's UDTPA claim should be dismissed.

*Second*, Plaintiff argues that allegations of diminution in his rifles' value and inadequate compensation for the recall are sufficient to show injury and damages. *See* Pl. Br. at 18; Def. Br. at 15-16. However, *Coley v. Champion Home Builders Co.*, the case on which Plaintiff's reasoning is based, has been found inapplicable in circumstances such as these by both the Court of Appeals of North Carolina and by this Court. 162 N.C. App. 163, 166-67, 590 S.E.2d 20, 22 (2004); *see* Pl. Br. at 18; *see Coker v. DaimlerChrysler Corp.*, 172 N.C. App. 386, 394-97, 617 S.E.2d 306, 312-13 (2005) (dismissing UDTPA claim for lack of actual injury); *Bussian*, 411 F. Supp. 2d at 625-27 (Osteen, J.) (collecting cases). Where, as here, there is no manifestation and no actual sale at a loss, "Plaintiffs' 'damages' are a hypothetical and an unsubstantiated diminution of value allegedly caused by a purported 'defect' and the cost of 'supposed' remedial measures.... Their claims are too speculative and illusory to show a legal injury in fact." *Coker*, 172 N.C. App. at 397, 617 S.E.2d at 313. Mr. Maxwell cannot satisfy the injury requirement under the North Carolina UDTPA, and his claim fails on this basis as well.

### D. Plaintiff's insufficient allegations cannot support a claim for unjust enrichment.

The Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) tightened the meaning of a "well-pleaded allegation," making clear that the old "no set of facts" standard for Rule 12(b) motions is "best forgotten," *Twombly*, 550 U.S. at 562-63, with "bare assertions" and "bald allegations" disregarded as ineligible for the assumption of truth. *Iqbal*, 129 S. Ct. at 1951; *see* Def. Br. at 4-5.

The fact remains that Mr. Maxwell does not plead that he paid Remington, and he cannot show any other benefit he bestowed directly upon Remington, as required to support an unjust enrichment claim. *See* Def. Br. at 17-18; *City of Harker Heights, Tex. v. Sun Meadows Land, Ltd.*, 830 S.W.2d 313, 317 (Tex. App. 1992); *Smith Chapel Baptist Church v. City of Durham*, 350 N.C. 805, 818, 517 S.E.2d 874, 882 (1999). Because this direct link must be shown, Plaintiff has failed to plead the elements of unjust enrichment, and this claim should be dismissed.

### CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice.

Respectfully submitted,

/s/ Frederick W. Rom
Frederick W. Rom (North Carolina Bar No. 26675)
**Womble Carlyle Sandridge & Rice, PLLC**
150 Fayetteville Street
Suite 2100
Raleigh, NC 27601
Telephone: (919) 755-8153
Facsimile: (919) 484-2073
Email: from@wcsr.com
***Attorneys for Defendant Remington Arms Company, Inc.***

Of Counsel:

Dale G. Wills
**Swanson, Martin & Bell, LLP**
330 North Wabash Avenue
Chicago, IL 60611
(312) 321-9100
(312) 320-0990 – Facsimile

Anne E. Cohen
**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
(212) 909-6000
(212) 909-6836 – Facsimile

11

Winston 4568143v1

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2011, I electronically filed the foregoing **DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** with the Clerk of Court using the CM/ECF System, which shall send notification of such filing to the following:

Gary K. Shipman
William G. Wright
Shipman & Wright, LLP
575 Military Cutoff Road, Suite 106
Wilmington, North Carolina 28405
*Attorneys for Plaintiff Maxwell*

And via First Class U.S. Mail, postage prepaid to:

Benjamin R. Bingham
Bingham & Lea, P.C.
319 Maverick Street
San Antonio, Texas 78212
*Attorneys for Plaintiff Maxwell*

/s/ Frederick W. Rom
Frederick W. Rom (North Carolina Bar No. 26675)

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Telephone: (919) 755-8153
Facsimile: (919) 484-2073
Email: from@wcsr.com
*Attorneys for Defendant Remington Arms Company, Inc.*

12

23377636v6