IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:10-CV-00918-UA-LPA

RONNIE MAXWELL, on behalf of himself and others similarly situated,

Plaintiff,

v.

REMINGTON ARMS COMPANY, INC.,

Defendant.

MOTION FOR EXTENSION OF TIME
TO FILE CLASS CERTIFICATION
[M.D.N.C LR 23.1]

**NOW COMES** the Plaintiff, by and through the undersigned counsel, pursuant to Rule 23.1 of the Local Rules of the United States District Court for the Middle District of North Carolina (hereafter "LR") and hereby moves the Court for an Order for extension of time to file a motion for class certification. In support of this Motion, Plaintiff respectfully shows unto the Court the following:

1. The Complaint was filed in this matter on November 29, 2010.

2. On December 3, 2010 Plaintiff filed an amended complaint as a matter of right pursuant to Rule 15 of the Rules of Civil Procedure.

3. On December 20, 2010, Defendant filed a Motion for extension of time to respond to Plaintiff's Amended Complaint, which was consented to by the Plaintiff.

4. On January 20, 2011, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure along with a supporting Memoranda

5. On February 14, 2011, Plaintiff filed a memorandum in opposition to the

Defendant's Motion to Dismiss.

6. To date, the Court has not ruled on Defendant's Motion.

7. To date, the Parties have not held a Rule 26(f) conference.

8. To date, no Rule 26 initial disclosures have been exchanged by the Parties.

9. To date, no discovery has been served between the parties.

10. Pursuant to LR 6.1(a) Plaintiffs have consulted with Defendant's counsel concerning this motion for extension of time.

11. Defendant does not consent to this Motion for extension of time to file a motion for class certification.

12. The Parties and the Court will not be prejudiced by the granting of this Motion for Extension of Time.

13. In contrast, if this Motion is not granted, the Plaintiff and the putative class will be prejudiced as discovery regarding the class certification issues will not be possible, and the putative class' potential claims may be lost.

14. Plaintiff desire to have the additional time pursuant to this Motion to conduct basic discovery related to the class certification issues. To date, Plaintiff has had no opportunity to seek any discovery related to the class certification or any other issue.

15. Plaintiff should be allowed to conduct limited discovery on class-related issues before being required to move for class certification under Rule 23.

16. Additionally, Plaintiffs Counsel and Defense counsel contemporaneous with an agreement and stipulation to transfer <u>Yancey v. Remington Arms Co., Inc.</u>, 1:12-cv-00477 ("<u>Yancey</u>") and <u>Henderson v. Remington Arms Co., Inc.</u>, 1:12-CV-00437 ("Henderson") to the United States District Court for the Middle District of North Carolina ("MDNC"), the Parties had

previously agreed to consolidate this case with <u>Yancey</u> and <u>Henderson</u>, which have been transferred and are now pending before this Court, and to file an amended complaint in the newly consolidated action.

17. Defense counsel now indicates it agrees to consolidate the matters and may consent to the filing of a consolidated amended complaint.

18. Given the prior agreement of the Parties to move the Court to consolidate the three actions and the forthcoming motion to file an amended complaint in the consolidated action, substantial justice will be served by the granting of this motion. *See e.g., Tischler v. Baltimore Bancorp,* 801 F. Supp. 1493, 1497 (D. Md. 1992) (citation omitted) ("provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities").

19. Granting this motions is consistent with the Federal Rules in general, which "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (cited in *Harley v. Chao,* 503 F. Supp. 2d 763, 771 (M.D.N.C. 2007)); *accord* <u>Canady v. Crestar Mortg. Corp.</u>, 109 F.3d 969, 974 (4th Cir. 1997).

20. Plaintiff respectfully requests that the Motion be granted to postpone the determination of class certification until a date certain at least thirty (30) days after class discovery is completed and any other necessary procedures have been undertaken by the Court and the Parties.

21. Further, as this Motion raises several issues that will impact briefing and scheduling, Plaintiff would respectfully request a joint status conference.

**WHEREFORE,** the Plaintiff prays the Court as follows:

1. That the Court enter an Order postpone the determination of class certification until thirty (30) days after the completion of class discovery and any other necessary procedures have been undertaken by the Court; and

2. That the Court set a joint status conference to address briefing and scheduling issues; and

3. For such other and further relief as to the Court seems just and proper.

Respectfully submitted this the 6th day of June, 2012.

                          **SHIPMAN & WRIGHT, L.L.P.**

                          /s/ William G. Wright
                          **WILLIAM G. WRIGHT**
                          State Bar Number: 26891
                          Shipman & Wright, L.L.P.
                          575 Military Cutoff Road,
                          Suite 106
                          Wilmington, NC 28401
                          (910) 762-1990
                          *Attorney for Plaintiff*

11 S. Fifth Avenue – Wilmington, North Carolina 28401

Case 1:10-cv-00918-UA-LPA   Document 22   Filed 06/07/12   Page 4 of 5

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **MOTION FOR EXTENSION OF TIME TO FILE CLASS CERTIFICATION** is being filed and served via the Court's official electronic filing site.

The undersigned is informed and believes that all parties entitled to Notice will receive this Notice of this filing via the Court's electronic distribution system pursuant to Rule 5 of the Federal Rules of Civil Procedure.

This the 6th day of June, 2012.

/s/ William G. Wright
William G. Wright