THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONNIE MAXWELL, on behalf of himself )
and other similarly situated, )
 )
                      Plaintiffs, )
 )
vs. )   **Cause No. 1:10-cv-00918**
 )
REMINGTON ARMS COMPANY, INC., )
 )
                      Defendant, )
 )

**DEFENDANT REMINGTON ARMS COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION
OF TIME TO FILE A CLASS CERTIFICATION MOTION**

Defendant, Remington Arms Company LLC ("Remington"), by and through undersigned counsel, hereby submits this response to Plaintiff's Motion for Extension of Time to File a Class Certification Motion (Docket No. 22, hereinafter "Motion to Extend").

**I.    INTRODUCTION**

Plaintiff's attempt to extend his deadline to file a motion for class certification is untimely under Middle District of North Carolina Local Rule 23.1(b) requiring a putative class representative plaintiff file a motion for class certification "[w]ithin 90 days after the filing of [his] complaint[.]" Plaintiff filed this putative class action on November 29, 2010. (Docket No. 1). Shortly after initiating this action, Plaintiff filed a First Amended Complaint. (Docket No. 8). Under Local Rule 23.1(b), Plaintiff's deadline to file a motion for class certification expired at the end of February 2011—*i.e.*, 15-months before this motion to extend was filed. As a result, Plaintiff's Motion should be denied.

1

## II. ARGUMENT AND AUTHORITIES

Plaintiff does not dispute that Middle District of North Carolina Local Rule 23.1(b) required him to move for class certification within 90-days of the filing of his Complaint purporting to commence a class action under Rule 23 of the Federal Rules of Civil Procedure. Further, as referenced in Plaintiff's Motion to Extend (Docket No. 22 at ¶ 10), this request for an extension of time implicates Federal Rule of Civil Procedure 6, which provides, in pertinent part, as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Thus, while motions for extensions of time made before the deadline's expiration require only a showing of "good cause,", a more rigorous "excusable neglect" standard applies if the movant waits until after expiration of the deadline. *Morris-Belcher v. Hous. Auth. of City of Winston-Salem*, 1:04-CV-255, 2005 WL 1423592, *3 (M.D. N.C. June 17, 2005). Here, Plaintiff has not shown or even attempted to show that his failure to act until 15-months after the deadline was because of "excusable neglect."

Instead, Plaintiff simply states that the "Parties and the Court will not be prejudiced by the granting of this Motion for Extension of Time." (Docket No. 22 at ¶ 12). Plaintiff offers insufficient justification for his delay by informing the Court that he intends to file a motion to consolidate this case with two nearly identical putative class actions that were filed in other jurisdictions and recently transferred to this Court—*Yancey v. Remington, et. al.*, 1:12-cv-0477 and *Henderson v. Remington*, 1:12-cv-0437. (Docket No. 22 at ¶ 16). This purported justification does not withstand scrutiny. Both *Yancey* and *Henderson* were filed nearly one year

2

*after* Plaintiff's deadline *in this case* to move for certification expired. *See Howard v. Gutierrez*, 474 F. Supp. 2d 41, 57 (D.D.C. 2007) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." (citation omitted)).

Plaintiff's Motion to Extend is untimely and should be denied. The policies behind Rule 23(c)(1)(A) (requiring "[a]t the earliest practicable time after a person sues . . . the court must determine by order whether to certify the action as a class action") and Local Rule 23.1(b) include fundamental fairness to putative class action defendants, who should not remain "indefinitely uncertain as to the number of individuals or parties to whom they may ultimately be held liable[.]" *Price v. Cannon Mills*, 113 F.R.D. 66, 72-73 (M.D. N.C. 1986) (denying putative class plaintiff's attempt to file class certification motion filed after the 90-day deadline); *see also Joseph N. Main P.C. v. Electronic Data Systems Corp.*, 168 F.R.D. 573, 577 (N.D. Tex. 1996) (denying class certification motion filed 63-days late under local rule).[1]

---

[1] The 90-day rule imposed by this Court is not unique. Nor is the dismissal of class allegations for failure to comply with the timeliness requirement. *See, e.g., Grandson v. University of Minnesota*, 272 F.3d 568, 574 (8th Cir. 2001) (no abuse of discretion in striking class allegations for failure to comply with local rule requiring class certification motion within 90-days after case filed); *Hall v. Bio-Medical Application, Inc.*, 671 F.2d 300, 302-03 (8th Cir. 1982) (same); *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 57 (D.D.C. 2007) (striking class allegations for failure to file within 90-day period); *Thomas v. Knight*, 257 F. Supp. 2d 86, 91 n.5 (D.D.C. 2003), *aff'd*, 2003 WL 22239653 (D.C. Cir. 2003) (striking class allegations for failure to file certification motion within 90-days under local rule); *Seils v. Rochester City School Dist.*, 192 F. Supp. 2d 100, 126 (W.D. N.Y. 2002), judgment *aff'd*, 99 Fed. Appx. 350 (2d Cir. 2004) ("plaintiffs' failure to move [under local rule] in a timely fashion is deemed an intentional abandonment and waiver of all class action allegations").

3

## IV. **CONCLUSION**

Defendant Remington respectfully requests that the Court deny Plaintiff's Motion for Extension of Time to File Class Certification Motion because it is untimely by 15 months and fails to establish the "excusable neglect" required for the extension.

Respectfully submitted this 22nd day of June, 2012.

>/s/ Frederick W. Rom
>Frederick W. Rom (North Carolina Bar No. 26675)
>WOMBLE CARLYLE SANDRIDGE & RICE, LLP
>150 Fayetteville Street, Suite 2100
>Raleigh, North Carolina 27601
>Telephone: (919) 755-8153
>Facsimile: (919) 484-2073
>Email: from@wcsr.com
>
>James B. Vogts (Bar No. 6188442)
>Andrew A. Lothson (Bar No. 6297061)
>Swanson, Martin & Bell LLP
>330 N. Wabash Ave., Suite 3300
>Chicago, Illinois 60611
>Telephone: (312) 222-8517
>Facsimile: (312) 321-0990
>jvogts@smbtrials.com
>alothson@smbtrials.com
>
>***Attorneys for Defendant Remington Arms Company, LLC***

# CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2012, I electronically filed the foregoing **Defendant Remington Arms Company, LLC'S Opposition to Plaintiff's Motion for Extension of Time to File a Class Certification Motion** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

*Attorneys for Plaintiffs*

**GARY K. SHIPMAN**
SHIPMAN & WRIGHT, LLP
575 MILITARY CUTOFF RD., STE. 106
WILMINGTON, NC 28405

**WILLIAM GRAINGER WRIGHT, SR.**
SHIPMAN & WRIGHT, LLP
575 MILITARY CUTOFF RD., STE. 106
WILMINGTON, NC 28405

**BENJAMIN R. BINGHAM**
BINGHAM & LEA, P.C.
319 MAVERICK ST.
SAN ANTONIO, TX 78212

/s/ Frederick W. Rom
Frederick W. Rom (North Carolina Bar No. 26675)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Telephone: (919) 755-8153
Facsimile: (919) 484-2073
Email: from@wcsr.com

James B. Vogts (Bar No. 6188442)
Andrew A. Lothson (Bar No. 6297061)
Swanson, Martin & Bell LLP
330 N. Wabash Ave., Suite 3300
Chicago, Illinois 60611
Telephone: (312) 222-8517
Facsimile: (312) 321-0990
jvogts@smbtrials.com
alothson@smbtrials.com
***Attorneys for Defendant Remington Arms Company, LLC***

5