IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONNIE MAXWELL,                          )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )    1:10CV918
                                         )
REMINGTON ARMS COMPANY, LLC,             )
                                         )
              Defendant.                 )

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on Recommendation of the U.S. Magistrate Judge [Doc. #34] in the consolidated cases of 1:12-cv-477 (Yancey, lead case), 1:12-cv-437 (Henderson, member case) and 1:10-cv-918 (Maxwell, member case) that Plaintiffs' Complaints be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. The Recommendation was filed on September 30, 2013, and notice was served on the parties pursuant to 28 U.S.C. § 636(b). On October 17, 2013, Plaintiff Ronnie Maxwell filed Objections [Docs. #36, #37]. Plaintiffs William S. Yancey and David C. Henderson filed stipulations of dismissal thus terminating their respective cases, therefore, only the case of Maxwell v. Remington Arms Company, LLC, case number 1:10-cv-918, remains before the Court.

Upon a de novo review of Plaintiff Ronnie Maxwell's Objections and relevant portions of the Recommendation, the Court finds that the Objections do not change the substance of the Magistrate Judge's ruling. For the reasons discussed below, the Court will affirm and adopt the Magistrate Judge's Recommendation as to the case of Plaintiff Ronnie Maxwell ("Plaintiff").

In doing so, the Court will also deny as moot Plaintiff's pending Motion for Extension of Time to file Class Certification [Doc. #22].

I.  FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2010, Plaintiff Ronnie Maxwell, a citizen of Texas, filed a Complaint [Doc. #1] against Defendant Remington Arms Company, LLC ("Defendant") in the Middle District of North Carolina. On December 3, 2010, Plaintiff filed an Amended Complaint [Doc. #8]. Plaintiff brought the case as a class action and asserted claims of breach of warranty under the Magnuson-Moss Warranty Act, unjust enrichment, and unfair and deceptive conduct under the North Carolina Unfair and Deceptive Trade Practices Act.

Plaintiff's claims stem from his purchase of two of Defendant's model number 597 17 HMR semi-automatic rifles (the "597 17 HMR"). Plaintiff alleged that he purchased the two firearms, but he did not specify when, where, or from whom he made the purchases, or how much he paid for each 597 17 HMR. Plaintiff listed several advertising statements attributed to Defendant without any further context and without stating that Plaintiff received or encountered such statements prior to his purchases. Next, Plaintiff alleged "Remington's representations concerning the Remington Model 597 17 HMR rifles and ammunition were false, misleading and deceptive." (Id. at 4.) Plaintiff alleged that Defendant recalled all 597 17 HMRs "[d]ue to safety and performance concerns," and that Defendant directed owners to immediately cease using any 597 17 HMR and corresponding ammunition. (Id. at 4) Plaintiff concluded his factual allegations by asserting that due to this recall, he could not use or sell his

2

two 597 17 HMRs, and thus the rifles are now worthless.[1]

Under his claim for breach of express warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301-2312, Plaintiff alleged that "[w]ith respect to all Remington 597 17 HMR rifles sold, Remington made a written limited warranty as defined by 15 U.S.C. §§ 2301 (6) and 2303(a)." (Pl.'s Am. Compl.[Doc. #8], at 6.) Plaintiff, however, did not provide any details as to the alleged contents of this warranty or as to Plaintiff's specific knowledge of the warranty before purchasing the firearms. Plaintiff further alleged that "Remington made known its breach of the limited warranty on or about August 2009 when it issued a recall of all Remington 597 17 HMR rifles." (Id.) Plaintiff further asserted that Defendant failed to "remedy the warranty" under the MMWA. (Id.) As a result, Plaintiff sought actual damages for the purchase prices of the 597 17 HMRs.

In Plaintiff's second claim for unjust enrichment, he made general allegations that "Plaintiff and the Class paid for their rifles purchases in cash or its equivalent," and that "allow[ing] Remington to keep the cash or its equivalent . . . would unjustly enrich Remington at the expense of the innocent Plaintiff and Class." (Id. at 7.) Plaintiff's third and final claim filed pursuant to the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") alleged that "Defendant represented that the Model 597 17 HMR rifles and ammunition would

---

[1] Plaintiff's Amended Complaint did not elaborate upon the reason for the recall beyond safety and performance issues and a brief allegation that "Remington also cannot sell a . . . 597 17 HMR rifle due to inherent problems with the ammunition in semi-automatic weapons." (Pl.'s Am. Compl. [Doc. #8], at 8.) However, Defendant explained and the Magistrate Judge observed that the recall was prompted when Defendant received notice from Federal Cartridge, the only manufacturer of ammunition for the 597 17 HMR, that the ammunition was not safe for use with any semi-automatic gun. Although Mr. Yancey brought independent claims against Federal Cartridge, Plaintiff did not include Federal Cartridge as a defendant in the present case.

3

be free from defects and fit for their intended purpose, under normal conditions of use, wear, and exposure." (Id.) Plaintiff asserted that Defendant knew or should have known that the 597 17 HMR and ammunition "did not or would not conform to Defendant's representations and promises" in its marketing materials. (Id.) Plaintiff alleged that Defendant intended for consumers to rely on these representations, and that because of these "misrepresentations, material omissions, and business practices, Plaintiff and the Class believed that Defendant was selling and providing a safe and reliable rifle for hunting and/or target practice." (Id. at 8.) Plaintiff also alleged that the transactions at issue were in or affecting commerce, and that the alleged unfair or deceptive acts of Defendant would lead reasonable consumers to believe that the 597 17 HMR and its ammunition "would be free from defects and fit for their intended purpose." (Id.) However, Plaintiff did not make any allegations as to his use of the 597 17 HMRs since he purchased them. Plaintiff complained that consumers were never informed what Defendant's response would be in the event of a recall, and that the coupons Defendant offered to owners of a 597 17 HMR "do not necessarily provide a full refund . . . and . . . require consumers to buy another Remington product." (Id.) Plaintiff concluded with general allegations that Defendant's "misrepresentations, material omissions, and business practices . . . constitute unfair and/or deceptive acts or practices" under the UDTPA, which "proximately caused actual injury/damage" to the class, including Plaintiff. (Id. at 9.) Plaintiff nowhere specified any injury or how such an injury was caused by Defendant.

On January 20, 2011, Defendant filed a Motion to Dismiss [Doc. #12] based upon Plaintiff's Amended Complaint's failure to state a claim. On June 7, 2012, Plaintiff filed a

4

Motion for Extension of Time to File Class Certification [Doc. #22]. On June 25, 2013, Magistrate Judge Joe L. Webster issued an Order [Doc. #33] consolidating Plaintiff's case with Henderson v. Remington Arms Company, LLC, case number 1:12-cv-437, and Yancey v. Remington Arms Company, LLC, case number 12-cv-477, and the Magistrate Judge designated Yancey as the lead case. Defendant filed Motions to Dismiss in all three cases. On September 30, 2013, Magistrate Judge Webster issued his Memorandum Opinion and Recommendation [Doc. #34] recommending that all three cases be dismissed.

II.     LEGAL STANDARD

In evaluating a Motion to Dismiss under Rule 12(b)(6), the Fourth Circuit instructs that "[w]e 'take the facts in the light most favorable to the plaintiff,' but 'we need not accept the legal conclusions drawn from the facts.'" Spaulding v. Wells Fargo Bank, 714 F.3d 769, 776 (4th Cir. 2013) (quoting E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 167 L. Ed. 2d 929 (2007)). Such "facial plausibility" is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts," and a court does not consider "unwarranted inferences, unreasonable conclusions, or arguments" when evaluating the legal sufficiency of a complaint on a 12(b)(6)

motion. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

III. DISCUSSION

Plaintiff objects to the Magistrate Judge's Recommendation as to his breach of warranty claim under the MMWA and his claim under the UDTPA.[2] Plaintiff's objections are largely restatements—sometimes verbatim—of his arguments offered in his Response in Opposition to Defendant's Motion to Dismiss [Doc. #16]. Upon review, the Court finds that Plaintiff's arguments do not alter the nature or substance of the Magistrate Judge's Recommendation, as more fully discussed below.

A. Breach of Warranty under the Magnuson-Moss Warranty Act

In objecting to dismissal of his MMWA claim, Plaintiff argues that (1) reliance is not required for a breach of express warranty claim[3] and (2) regardless, Plaintiff did plead reliance. When a party brings a breach of warranty claim under the MMWA, courts apply state law for the breach of warranty action unless expressly altered by the federal statute. Carlson v. Gen. Motors Corp., 883 F.2d 287, 291 (4th Cir. 1989); Baldwin v. Jarett Bay Yacht Sales, LLC, 683 F. Supp. 2d 385, 390 (E.D.N.C. 2009) ("Where a 'consumer' seeks relief for breach of a 'written warranty' from a 'warrantor' or 'supplier,' Congress expected courts to look to state warranty law except as expressly modified in the MMWA."). "The Magnuson-Moss Warranty Act

---

[2] Plaintiff does not contest the Magistrate Judge's recommendation to dismiss his unjust enrichment claim.

[3] In his Objections, Plaintiff argues only that he pled an express warranty and does not appear to argue that he pled or intended to plead an implied warranty of merchantability.

6

supplements, rather than supplants state law." Doll v. Ford Motor Co., 814 F. Supp. 2d 526, 545 (D. Md. 2011).

Under North Carolina law,[4] a breach of express warranty claim requires a showing of the following elements: (1) an express warranty of fact or a promise as to the product, (2) the plaintiff's reliance on the warranty in choosing to purchase the product, and (3) the defendant's breach of the warranty. Earp v. Novartis Pharms. Corp., No. 5:11-CV-680-D, 2013 WL 4854488, at *5 (E.D.N.C. September 11, 2013); Prichard Enters. v. Adkins, 858 F. Supp. 2d 576, 584-85 (E.D.N.C. 2012); Harbour Point Homeowners' Ass'n, Inc. v. DJF Enters., Inc., 206 N.C. App. 152, 162, 697 S.E.2d 439, 447 (2010). An express warranty may be a written document, or it may take the form of an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes the basis of the bargain." N.C. Gen. Stat. § 25-2-313(1)(a). However, an "affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." Id. at § 25-2-313(2). In determining whether a seller's affirmation or description becomes the "basis of the bargain," North Carolina courts look to certain factors, including "whether the buyer knew of the seller's statements." Pake v. Byrd, 55 N.C. App. 551, 553, 286 S.E.2d 588, 590 (1982).

Plaintiff challenges the Magistrate Judge's determination that Plaintiff failed to adequately plead the element of reliance. In making this objection, Plaintiff argues that reliance

---

[4] The Magistrate Judge determined that application of North Carolina law was appropriate for all claims, and Plaintiff does not object to the Magistrate Judge's choice of law analysis or conclusion.

7

can be inferred from purchase or use of a product. However, even the portion of the case quoted by Plaintiff in making this argument undermines Plaintiff's position: "[T]he element of reliance can often be inferred from allegations of mere purchase or use if the natural tendency of the representations made is such as to induce such purchase or use." Bernick v. Jurden, 306 N.C. 435, 448, 293 S.E.2d 405, 413 (1982).[5]  Plaintiff's allegations, however, are not sufficient to merit such an inference. Even more so, Plaintiff did not allege any of the circumstances of his purchase or use of the 597 17 HMRs.[6] Although Plaintiff alluded to Defendant's written limited warranty in his Complaint, Plaintiff never alleged the terms of that warranty, that he received the warranty prior to purchase, or that he otherwise relied on the warranty. To the extent that Plaintiff intended to premise his breach of warranty on Defendant's representations in its marketing materials, such allegations are likewise insufficient. For example, Plaintiff did not make any allegations of being induced into his purchase by Defendant's advertisements. Indeed, Plaintiff never alleged that he even observed Defendant's advertisements. Even viewed in the light most favorable to Plaintiff, the mere fact that he purchased two 597 17 HMRs, along

---

[5]The Court notes that Bernick is also distinguishable from the present matter. Procedurally, Bernick was decided at the summary judgment stage and thus did not consider the legal sufficiency of the complaint. 306 N.C. at 447-48, 293 S.E.2d at 413-14. Second, there was evidence of the plaintiff's purpose in purchasing the warranted product and the plaintiff's subsequent use of the product. Id. Here, Plaintiff did not make any allegations as to why he purchased the 597 17 HMRs nor did he describe what was his intended use of the rifles. Moreover, Bernick was decided prior to the Supreme Court's Iqbal and Twombly decisions which demand greater specificity in pleading actions than previously required.

[6] Plaintiff's citation to Bussian v. DaimlerChrysler Corp., 411 F. Supp. 2d 614 (M.D.N.C. 2006), is likewise misplaced. The plaintiff in Bussian specifically alleged that he "reasonably relied on Defendants' representations and warranties regarding the quality, durability, and other material characteristics . . . and that those representations became a basis of the bargain between Defendants and Plaintiff." Id. at 621. Plaintiff did not make any such allegations here.

with the fact that Defendant made certain statements in its advertising materials, provides an insufficient basis in and of itself to support drawing an inference of reliance or inducement. Instead, the statements Plaintiff focused upon tend to be more of a "seller's opinion or commendation," see N.C. Gen. Stat. § 25-2-313(2), rather than promises of specific performance. Simply put, under the legal standards discussed above, Plaintiff's Complaint lacks sufficient facial plausibility as to his warranty claim with regards to the reliance element as identified by the Magistrate Judge.

In addition, Plaintiff's argument that he is not required to plead reliance is severely diminished to the extent Plaintiff attempts to simultaneously argue that he did indeed sufficiently plead reliance. This is true especially in view of Plaintiff citing to multiple cases discussing reliance as an element of a breach of warranty claim. Regardless, as already discussed above, reliance is indeed a required element of a breach of warranty claim. E.g., Earp, 2013 WL 4854488, at *5.

The Magistrate Judge's Recommendation focused on Plaintiff's failure to adequately allege the reliance element of a breach of an express warranty claim. In reviewing the Recommendation, the Court finds that this fact alone is sufficient reason to dismiss Plaintiff's claim without the need to evaluate the other elements of Plaintiff's claim. Plaintiff nonetheless argued that he sufficiently pled both breach of warranty and or a product defect. However, as it relates to the requirement of alleging a breach of warranty, Plaintiff never alleged a specific warranty term that was relied upon nor did he explain how such a term was breached. Instead, Plaintiff only provided the conclusory allegation that the fact of Defendant issuing a recall notice

9

provided sufficient evidence of a breach of the purported express warranty.

To the extent that Plaintiff's Complaint can be read to assert a claim of product defect,[7] the Court notes that Plaintiff did not make any allegation that his 597 17 HMRs manifested a defect, nor did Plaintiff allege any injury as a result of the defect. Even liberally construing his allegation that the guns are valueless, "[u]nder North Carolina law . . . prospective class members whose [products] have not manifested any defects and who merely allege that they have suffered diminished resale value . . . will not sufficiently allege actual injury." Bussian v. DaimlerChrysler Corp., 411 F. Supp. 2d 614, 630 (M.D.N.C. 2005). Without any assertion of a defect and in view of the absence of an allegation for injury, Plaintiff's product defect claim must fail. For these reasons, the Court affirms and adopts the Magistrate Judge's recommendation that under the circumstances of this case, Plaintiff's MMWA claim should be dismissed.

B.  North Carolina's Unfair and Deceptive Trade Practices Act

Plaintiff nevertheless claims that he has sufficiently pled aggravating factors so as to sustain his allegation of a valid UDTPA claim. Specifically, Plaintiff argues that he sufficiently pled that Defendant's acts were deceptive and unfair so as to place Defendant's conduct within the scope of the UDTPA and beyond a mere allegation of a breach of contract or breach of warranty claim. Nevertheless, the Court finds that to sufficiently allege an UDTPA claim, a

---

[7] The parties appear to conflate claims of product liability and breach of warranty. The Court notes that product defect is not an element of a breach of express warranty, as previously outlined above. Product defect may indeed be key to a claim of breach of implied warranty or a products liability claim. See e.g., Harbour Point, 206 N.C. App. at 162, 697 S.E.2d at 447 (listing elements for claims of breach of express warranty, breach of implied warranty of merchantability, and products liability based on negligence). However, Plaintiff did not allege such causes of action, but rather Plaintiff explicitly pled a breach of express warranty claim under MMWA.

plaintiff must plead that "(1) [the] defendant committed an unfair or deceptive act or practice; (2) the action in question was in or affecting commerce; and (3) the act proximately caused injury to the plaintiff." Becker v. Graber Builders, 149 N.C. App. 787, 794, 561 S.E.2d 905, 910 (2002). An act or practice is "unfair" under the UDTPA "when it offends established public policy and is unethical or unscrupulous," and an act is deceptive under the Act "if it has a tendency to deceive." Id.; see also Kelly v. Georgia-Pacific LLC, 671 F. Supp. 2d 785, 798-99 (E.D.N.C. 2009) ("The conduct must be immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."). A plaintiff must specifically allege "some type of egregious or aggravating circumstances" beyond the mere allegations of a breach of warranty claim in order to have a viable UDTPA claim. Kelly, 671 F. Supp. 2d at 799. In evaluating potentially unfair or deceptive conduct, the proper measurement is the effect of such conduct on an average consumer. Becker, 149 N.C. App. at 794, 561 S.E.2d at 911.

The Recommendation recommended that Plaintiff's UDTPA claim be dismissed as well. In objecting to the Magistrate Judge's ruling, Plaintiff points to Defendant's advertising statements attesting to the 17 597 HMR's quality, arguing that "[i]n direct contrast to Remington's representations, the rifle and ammunition in actuality had performance and safety concerns that were causing property damage and personal injuries . . . ." (Pl.'s Mem. [Doc. #37], at 14.) However, Plaintiff never alleged that the 17 597 HMRs had caused any injury to Plaintiff or his property. Plaintiff also did not make any allegations showing how any of the statements listed within his Amended Complaint that Plaintiff attributed to Defendant were false or deceptive. Indeed, Plaintiff made conclusory allegations labeling Defendant's advertising

11

statements as false, misleading, or deceptive without any allegation to support such an assertion. As such, the Court finds that Plaintiff failed to allege the requisite level of unscrupulous, unethical conduct, or aggravating circumstances to adequately state an UDTPA claim.

As previously noted, the Magistrate Judge recommended dismissal of Plaintiff's UDTPA claim based on Plaintiff's failure to adequately allege aggravating factors. The Magistrate Judge, however, also briefly addressed the difficulty in construing Plaintiff's claim as one based upon a misrepresentation so as to create an unfair or deceptive act. The Magistrate Judge noted in a footnote that a misrepresentation claim fails because Plaintiff did not allege the necessary element of "actual reliance." (Mem. Op. [Doc. #34], at 20 n.12. (citing Sunset Beach Dev. Inc. v. AMEC, Inc., 196 N.C. App. 202, 211, 675 S.E.2d 46, 53 (2009)). Indeed, "[w]here an unfair or deceptive practice claim is based upon an alleged misrepresentation by the defendant, the plaintiff must show 'actual reliance' on the alleged misrepresentation in order to establish that the alleged misrepresentation 'proximately caused' the injury of which plaintiff complains." Tucker v. The Blvd. at Piper Glen LLC, 150 N.C. App. 150, 154, 564 S.E.2d 248, 251 (2002); Sunset Beach, 196 N.C. App. at 211, 675 S.E.2d at 53. As already discussed above, Plaintiff failed to allege he relied on any of Defendant's advertising statements.

Plaintiff also argued that Defendant's statements constituted misrepresentations in the form of omissions, and that "[i]t would be impossible for Plaintiff to rely on information that was not disclosed to him." (Pl's Mem. [Doc. #37], at 16). This argument is circular at best. Plaintiff argued that he alleged reliance on Defendant's representations that the 597 17 HMR was safe and reliable, while simultaneously arguing that he could not possibly allege reliance

12

because Defendant failed to disclose that its rifles did not conform to those representations. Plaintiff's attempt to construe as omissions Defendant's alleged failures to inform consumers that the 597 17 HMR was actually unsafe and unreliable are the very characteristic that would qualify Defendant's representations as affirmative misrepresentations. Regardless of the nature of the alleged misrepresentation, Plaintiff never alleged reliance upon a misrepresentation, and thus any UDTPA claim based on misrepresentations fails.[8]

Finally, although the Magistrate Judge did not reach the issue of injury under the UDTPA because Plaintiff's claim failed for lack of aggravating circumstances, Plaintiff renews his arguments that he adequately pled injury. However, Plaintiff's bare, conclusory allegation that his rifles are now valueless, standing alone, is insufficient to allege that Defendant's conduct injured Plaintiff in the context of what is required to state an UDTPA claim.

IV.    CONCLUSION

For all of the foregoing reasons, Plaintiff's Amended Complaint [Doc. #8] is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon the Court reviewing the Magistrate Judge's Recommendation [Doc. #34] and Plaintiff's Objections [Doc. #36, #37], the Court finds that the objections do not alter the nature or substance of the Magistrate Judge's reasoning and conclusions. As such, the Magistrate Judge's Recommendation is hereby affirmed

---

[8]To the extent Plaintiff intended to assert a failure to disclose claim, Defendant correctly noted in its Response to Plaintiff's Objection [Doc. #38] that such a duty to disclose arises only in specific contexts, such as that of a fiduciary relationship. E.g. Salmons, Inc. v. First Citizens Bank & Trust Co., No. 2:10CV72, 2011 WL 4738656, at *5 (E.D. Va. Oct. 7, 2011) (explaining that under the UDTPA, an omission may be actionable only if material and if there is a legal duty to disclose) (citing Kron Med. Corp. v. Collier Cobb & Assoc., 107 N.C. App. 331, 340, 420 S.E.2d 192 (1992)). Plaintiff made no such allegations here.

and adopted.

IT IS THEREFORE ORDERED that the Defendant's Motion to Dismiss [Doc. #12] is GRANTED, and this matter is hereby DISMISSED with prejudice. Accordingly, Plaintiff's Motion for Extension of Time to file Class Certification [Doc. #22] is DENIED as moot.

This, the 7th day of November, 2014.

_____
United States District Judge